UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FREDDRICK GILMORE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | NO. 3:05-CV-806 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

**OPINION AND ORDER**

*Pro se* Petitioner Freddrick Gilmore, an inmate at the Indiana State Prison in Michigan City, Indiana, was initially charged with rioting and subsequently found guilty of disorderly conduct.  Gilmore has petitioned this Court for relief under 28 U.S.C. § 2254.  The Response filed on behalf of Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  In its response, the Attorney General of Indiana has submitted the administrative record, including documents designated A through Q, which sets out the underlying procedures in this conduct adjustment board (CAB) proceeding.  Petitioner filed a traverse.

**I.  RELEVANT FACTS**

On August 17, 2005, Petitioner Freddrick Gilmore was one of several prisoners involved in starting a riot.  (Ex. A.)  The prisoners threw spoiled milk, started a fire, broke light bulbs, and finally refused an order to leave indoor recreation and go in.  (*Id.*)  On August 22, 2005, Gilmore was notified of the rioting charges against him.  (Ex. D.)  At the screening, Gilmore pled not guilty, requested a lay advocate, and requested several inmates and Sgt. Hahn as witnesses.  (*Id.*)

He did not request any physical evidence. (*Id.*) Several witnesses provided statements for the CAB's consideration. Statements from four prisoner-witnesses all stated that Gilmore was not involved in the riot. (Exs. E-H.) A witness statement from Sgt. Hahn stated that "[o]n the date in question the incident was done by the time I arrived on the unit[.] [A]ll I did was talk to them." (Ex. I.)

The CAB hearing was held on August 26, 2005. (Ex. L.) At the hearing, Gilmore denied being part of the riot and stated that he didn't refuse to lock in. (*Id.*) The CAB changed the offense from rioting, a class A offense, to disorderly conduct, a class B offense. (*Id.*) It then found Gilmore guilty of the lesser charge of disorderly conduct. (*Id.*) The CAB based its finding of guilt on staff reports, Gilmore's statement, and evidence from witnesses. (*Id.*) The sanction imposed was a 90-day earned credit time loss and six-month disciplinary segregation. (*Id.*)

On appeal, the facility head upheld the finding of guilt and the sanctions based upon his review of the case file. (Ex. M.) The final reviewing authority agreed with the findings of the facility head, and denied the appeal. (Ex. O.)

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Gilmore be given: "(1) advance written notice of the charges against [him] at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in [his] defense when consistent with institutional safety and correctional

2

goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1974)).  For the hearing to be meaningful, the prisoner "should be afforded the opportunity to be heard before an impartial decision maker." *Id.*

The decision must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  The so-called "some evidence" standard has been repeatedly applied in this circuit.  *See Webb v. Anderson*, 224 F.3d 649, 650-51 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717, 719-20 (7th Cir. 1996).  "This is a lenient standard, requiring no more than 'a modicum of evidence.'" *Webb*, 224 F.3d at 652 (citations omitted).  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits "so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *Id.* (citing *Hill*, 472 U.S. at 457).  "'The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (emphasis and alteration omitted) (citing *Hill*, 472 U.S. at 455–56).

### III.  DISCUSSION

Gilmore claims that the State violated his constitutional rights in three ways: (1) failure to produce the videotape of the incident; (2) failure to call staff witness; and (3) insufficient evidence to find him guilty.

A.   *Failure to Produce Physical Evidence and Staff Witness (Claims 1 & 2)*

Respondent argues that Gilmore is not entitled to a writ of habeas corpus on his first two

3

claims because he failed to raise them to the facility head and to the final reviewing authority. (Resp. Mem. at 3-4.) It is well established in this Circuit that a petitioner must exhaust all available state remedies as a prerequisite to seeing relief under § 2254. *See, e.g., Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992); *Ping v. McBride*, 888 F. Supp. 917, 919 (N.D. Ind. 1993). If he has failed to do so, those unexhausted claims are procedurally defaulted, and a federal district court may not review them. *Id.*

There is no evidence in the record that Gilmore raised either of these claims to the facility head or the final reviewing authority. Because Gilmore failed to exhaust his administrative remedies regarding his first two claims, they are procedurally defaulted. Therefore, his claim that he was denied videotape evidence and his claim that he was denied the right to present the live witness testimony of Sgt. Hahn is not available for review before this Court.

Alternatively, Gilmore did not request the videotape as evidence during his screening or during his hearing. (Exs. D, L & P.) Without such a request "either before or at the hearing, [ ] the CAB could not have denied him due process by not considering the request." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Accordingly, this claim must fail also on its merits.

Moreover, the CAB's failure to call Sgt. Hahn as a live witness was harmless error. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) ("But even if [the CAB providing no reason for refusing petitioner's request for witness] was error, [petitioner] has not established that he was prejudiced.") (citing *Powell v. Coughlin*, 953 F.2d 744, 750 (2nd Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings)). Sgt. Hahn's statement clearly stated he was not present for the incident. (Ex. I.) Gilmore has not established that Sgt. Hahn's live testimony would have been any different than his written statement.

4

### B. *Sufficiency of the Evidence*

Gilmore alleges that there was insufficient evidence to find him guilty of disorderly conduct, by stating that "[t]here is absolutely no physical evidence saying I did anything." (Pet. Traverse at 3.) The Report of Disciplinary Hearing explicitly states that the CAB relied on several pieces of evidence, including staff reports, Gilmore's statement, and evidence from witnesses. (Ex. L.)

As noted, the amount of evidence needed in these types of cases is very modest. In this case, the presented evidence easily meets the "some evidence" standard. The Report of Conduct form explains that Gilmore was involved in an incident where spoiled milk was thrown, florescent light bulbs broken, and inmates refused to go in. (Ex. A.) This conduct report alone is sufficient to meet the standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Thus, the CAB had sufficient evidence to find Gilmore guilty of the lesser charge of disorderly conduct. Consequently, Gilmore's claim that his finding of guilt was based on insufficient evidence is denied.

### IV.  CONCLUSION

For all the reasons stated, and because none of Gilmore's constitutional rights have been violated, this Petition for relief under 28 U.S.C. §2254 is **DENIED**.

**SO ORDERED.**

ENTERED: October 26, 2006

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT